# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARK A. SPENCER d/b/a,
PATRIOT MANUFACTURING LLC,

*Plaintiff,*

vs.

HARTWIG, INC.,

*Defendant.*

Case No. 10-1206-EFM

**MEMORANDUM AND ORDER**

Presently before the court is Defendant Hartwig's motion to dismiss (Doc. 4) and Plaintiff Mark A. Spencer's motion to substitute party (Doc. 8). For the following reasons, the court denies defendant's motion and grants plaintiff's motion.

This is a breach of contract case. Hartwig moved to dismiss, arguing that plaintiff Mark Spencer lacks standing because he filed Chapter 7 bankruptcy days before filing the complaint, thereby transferring any claim he might have to his bankruptcy estate that must be brought by the bankruptcy trustee. Spencer counters that Patriot Manufacturing (Patriot) is the real party in interest, and seeks to substitute Patriot as the plaintiff. Hartwig failed to respond to Spencer's motion to substitute Patriot as the plaintiff.

All legal or equitable interests of a debtor at the time of the bankruptcy filing, including causes of action, become property of the bankruptcy estate.[1] Spencer does not dispute that he filed for bankruptcy, but instead argues that Patriot is the actual party entitled to recover, and should be substituted as the plaintiff. The question then becomes whether the Court should dismiss this action, as urged by defendants, or whether it should allow the plaintiff to substitute parties. Rule 17(a)(3) provides: The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.[2] The Tenth Circuit has noted that district courts should focus "primarily on whether the plaintiff engaged in deliberate tactical maneuvering (i.e. whether the mistake was "honest"), and on whether the defendant was prejudiced thereby."[3]

Defendants failed to respond to the request for substitution, and thus did not identify any prejudice from substitution at this stage. Nor have defendants demonstrated bad faith or "tactical maneuvering" by plaintiffs. Accordingly, the Court will allow plaintiffs to substitute Patriot as the real party in interest. Plaintiff must do this in a reasonable amount of time, and no later than April 15, 2011.

---

[1] *See* 11 U.S.C. § 541(a)(1); *Smith v. Rockett*, 522 F.3d 1080, 1084 (10th Cir. 2008) ("A debtor's potential causes of action become property of the bankruptcy estate, along with all of her other assets, when a . . . petition is filed.")

[2] Fed.R.Civ.P. 17(a)(3).

[3] *Eposito v. United States*, 368 F.3d 1271, 1276 (10th Cir. 2004).

-2-

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 4) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Substitute Party (Doc. 8) is GRANTED.

**IT IS SO ORDERED**.

Dated this 31st day of March, 2011.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE