# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PATRIOT MANUFACTURING LLC,

    *Plaintiff,*

vs.

Case No. 10-1206-EFM-KGG

HARTWIG, INC.,

    *Defendant.*

## MEMORANDUM AND ORDER

This case involves competing breach of contract claims that were asserted after Defendant Hartwig, Inc., repossessed a machine shop lathe it sold to Plaintiff Patriot Manufacturing LLC. Hartwig has filed a motion for summary judgment on several grounds. Most prominently, Hartwig argues that summary judgment should be granted on the basis of judicial estoppel because Mark Spencer failed to disclose his ownership interest in Patriot and failed to disclose this lawsuit when he filed his personal bankruptcy petition. For the following reasons, the Court grants Hartwig's Motion for Summary Judgment on all of Patriot's claims.

### I. Factual and Procedural Background[1]

Plaintiff Patriot Manufacturing LLC is a limited liability corporation formed for the purpose of supplying machined component parts to the local aircraft industry in Wichita, Kansas.

---

[1] In accordance with summary judgment procedures, the Court has set forth the uncontroverted facts, and they are related in the light most favorable to the non-moving party.

Mark Spencer formed Patriot and has been Patriot's sole member at all times since Patriot was incorporated in 2008. Defendant Hartwig, Inc., is a machine tool distributor located in St. Louis, Missouri. Hartwig is a distributor of Okuma machine tools.

In November 2008, Spencer and Hartwig began discussing the purchase of an Okuma Multus B300 lathe to meet Patriot's manufacturing needs. In December 2008, Patriot issued a purchase order to Hartwig for the lathe and turnkey services for 10 parts, meaning that Hartwig would program and produce the "first good part" of 10 parts. Patriot contends the terms of payment were 20 percent down with the net due 10 days after completion of the 10th part. Hartwig contends that final payment was due 10 weeks after delivery of the lathe. The purchase of the lathe and turnkey services was contingent on financing. On December 12, 2008, Hartwig delivered the lathe to Patriot.

For various reasons attributable to both parties and other factors, Hartwig was unable to provide turnkey services for 10 parts within 10 weeks as had been estimated. In May 2009, Spencer informed Hartwig that Patriot had not completed the process of financing the purchase of the lathe. On May 20, 2009, Hartwig delivered a letter to Spencer informing him of Hartwig's intent to repossess the lathe because it believed Patriot was in default. Hartwig repossessed the lathe a week later. Patriot ceased to exist as a business by July 2009.

Spencer and his wife filed for Chapter 7 bankruptcy on June 23, 2009. Spencer filed this lawsuit against Hartwig two days later, identifying himself as the plaintiff doing business as Patriot Manufacturing LLC. The Spencers' debts were discharged September 21, 2010. Among the debts discharged was a balance due of $163,170.95 to a private individual on a personal loan that was used as a down payment for the Multus lathe.

In this lawsuit, Patriot alleges claims for fraudulent and negligent misrepresentation in the sale of the lathe and the production of 10 parts, breach of contract, breach of implied warranty of good faith and fair dealing, breach of implied warranty for fitness for particular purpose, and punitive damages. Hartwig has asserted a counterclaim for breach of contract. In March 2011, this Court granted Spencer's motion to substitute Patriot as the real party of interest. In April 2011, an amended complaint was filed, identifying Patriot Manufacturing LLC, as the plaintiff.

Before this Court is Hartwig's motion for summary judgment. Hartwig seeks summary judgment based on judicial estoppel to foreclose all of Patriot's claims. In the alternative, Hartwig seeks summary judgment on five of Patriot's six counts.

## II. Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[2] In applying this standard, the court considers the evidence and all reasonable inferences in the light most favorable to the nonmoving party.[3] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[4] The movant bears the initial burden of proof, and must show the lack of evidence on an essential element of the claim.[5] If the movant carries this initial burden, the nonmovant that bears the burden of persuasion at trial may not simply rest upon its

---

[2] Fed. R. Civ. P. 56(c).

[3] *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009); *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013).

[4] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[5] *Thom v. Bristol–Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

pleadings; the burden shifts to the nonmovant to go beyond the pleadings and "set forth specific facts" that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant.[6] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits.[7] Finally, summary judgment is not a "disfavored procedural shortcut," but is instead an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[8]

### III. Analysis

Hartwig argues that Patriot should be prevented from pursuing this lawsuit because Spencer failed to list his ownership interest in Patriot or this lawsuit in his personal bankruptcy petition. Specifically, Hartwig seeks summary judgment in its favor on the legal theory of judicial estoppel, a rule that precludes inconsistent positions in successive litigation.[9] Patriot contends that judicial estoppel should not prevent this suit primarily because Spencer and Patriot are different parties in different proceedings.

Judicial estoppel is an equitable doctrine that prevents abuse of the judicial process.[10] Judicial estoppel prohibits a party from deliberately changing positions to suit its needs.[11] Generally, courts consider three nonexclusive factors to determine whether judicial estoppel

---

[6] *Id.* (citing Fed. R. Civ. P. 56(e)).

[7] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[8] *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[9] 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4477 (2d ed. 2002).

[10] *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001).

[11] *Eastman v. Union Pac. R.R.*, 493 F.3d 1151, 1156 (10th Cir. 2007).

should be invoked.[12] "First, a party's later position must be 'clearly inconsistent' with its earlier position."[13] Second, judicial estoppel "applies when, among other things, a party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled."[14] The third consideration is "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."[15]

These factors are not meant to be inflexible prerequisites or constitute an exhaustive formula.[16] Other considerations may be helpful under specific factual contexts.[17] Because judicial estoppel is an equitable doctrine, a court must consider all of the equities of a particular case.[18] Thus, the circumstances under which a court may use judicial estoppel will vary.[19] Judicial estoppel should be applied narrowly and cautiously.[20] A court may invoke judicial estoppel at its discretion to prevent improper use of judicial machinery.[21]

---

[12] *Queen v. TA Operating, LLC*, 734 F.3d 1081, 1087 (10th Cir. 2013).

[13] *New Hampshire*, 532 U.S. at 750.

[14] *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 169 (2010) (quoting *New Hampshire*, 532 U.S. at 750).

[15] *New Hampshire*, 532 U.S. at 751.

[16] *Id.* at 750-51.

[17] *Id.* at 751.

[18] *Id.* at 750-51.

[19] *Id.*

[20] *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1227 (10th Cir. 2011).

[21] *Kaiser v. Bowlen*, 455 F.3d 1197, 1204 (10th Cir. 2006); *Johnson v. Linden City Corp.*, 405 F.3d 1065, 1068 (10th Cir. 2005).

The Tenth Circuit has upheld judicial estoppel for failing to disclose information during a bankruptcy proceeding.[22] For example, in *Eastman v. Union Pacific Railroad*, 493 F.3d 1151 (10th Cir. 2007), a railroad worker who had his debts discharged in bankruptcy was prohibited from pursuing a personal injury lawsuit against his employer because he failed to list it as an asset or disclose it on his bankruptcy petition.[23] The Tenth Circuit held that the worker took clearly inconsistent positions in the bankruptcy and district courts with the perception that he misled the bankruptcy court.[24] Judicial estoppel was appropriate under the circumstances because the worker received the benefit of a discharge without ever disclosing his pending personal injury lawsuit, thus giving him an unfair advantage over his creditors.[25] In other words, he "had a motive to sweep his personal injury action 'under the rug' so he could obtain a discharge free and clear of his creditors."[26] The Tenth Circuit concluded that the harsh result was necessary to induce debtors to be completely truthful in their bankruptcy disclosures, serving to offset the temptation to conceal legal claims from the bankruptcy court and reap the financial rewards in another court.[27]

As a preliminary matter, there is a difference between judicial estoppel employed by federal courts and judicial estoppel used in state courts.[28] The doctrine of federal judicial

---

[22] See *Queen*, 734 F.3d at 1094-95; *Eastman*, 493 F.3d at 1156-60; *Paup v. Gear Products, Inc.*, 327 Fed. Appx. 100, 106-08 (10th Cir. 2009).

[23] See *Eastman*, 493 F.3d at 1153, 1159-60.

[24] *Id*. at 1159.

[25] *Id*. at 1159-60.

[26] *Id*. at 1159.

[27] *Id*.

[28] See *LaRue v. City of Hays*, 2012 WL 2871718, at *11 (D. Kan. July 11, 2012) (noting that the factors to analyze judicial estoppel under Kansas law are different from the factors used by the Tenth Circuit).

estoppel is appropriate for consideration here because Spencer's bankruptcy is a federal matter and this breach of contract action was filed in federal district court. This is the court where Hartwig's judicial estoppel defense arises, and this is the court interested in protecting its process.[29] With that in mind, the consideration of the three factors typically used to assess federal judicial estoppel is as follows:

**A. A Party's Later Position Must Be Clearly Inconsistent with Its Earlier Position**

For judicial estoppel to apply, a party's later position must be clearly inconsistent with its former position in another legal proceeding.[30] Here, Hartwig alleges that Spencer's bankruptcy position that he did not have any interest in any business is clearly inconsistent with Spencer's later deposition admission that he would be the beneficiary of any recovery from this lawsuit as the sole member of Patriot Manufacturing LLC.

A review of Spencer's Statement of Financial Affairs in his bankruptcy petition reveals that the box is checked "none" for No. 18 when asked about the nature, location and name of business. Further, in Spencer's Schedule B of Personal Property, there are checks indicating "none" for No. 13 asking a listing of stock and interests in incorporated and unincorporated businesses and for No. 35 asking for a list of other personal property of any kind not already

---

[29] *Eastman*, 493 F.3d at 1156. Here, Patriot argues that judicial estoppel should not apply, citing a different four-part test for judicial estoppel under Kansas law that was repeated in a 2004 unpublished federal district court opinion. See *Iowa Industrial Erectors Corp. v. Wickes, Inc.*, 2004 WL 955935, at *3 (D. Kan. Jan. 26, 2004) (quoting *Knorp v. Albert*, 28 P.3d 1024, 1030 (Kan. App. 2001)). In that case, the court restated: "A party can assert judicial estoppel when four elements are satisfied: (1) a position taken must contradict a declaration in a prior judicial action; (2) the two actions must involve the same parties; (3) the party asserting the theory must have changed its position; and (4) the changed position must have been in reliance on the prior statement." *Iowa Industrial*, 2004 WL 955935, at *3. Patriot argues that Hartwig has not shown that these requirements are satisfied, specifically because Patriot was not a party in Spencer's bankruptcy and Hartwig did not change positions or rely on a prior statement. Doc. 118 at 46-47. But this Court is not bound by the Kansas law of judicial estoppel. See *LaRue*, 2012 WL 2871718, at *11 (rejecting use of same Kansas four-part test in favor of federal judicial estoppel doctrine).

[30] *Queen*, 734 F.3d at 1087.

listed. In his deposition for this lawsuit, Spencer admitted that he is the sole member of Patriot, that he did the payroll for Patriot, that no one else but him took withdrawals from Patriot, and that Patriot had no other employees. Spencer also agreed that he "would be the beneficiary of any recovery" and agreed that he had a vested interest in prevailing in this lawsuit. Spencer agreed that he had ownership in Patriot.

In its response to this motion, Patriot "denies that Spencer failed to disclose his ownership interest in Patriot," but does not provide any support for the denial or otherwise provide information about how Spencer purportedly disclosed his ownership interest.[31] Thus, it is not clear to the Court how Patriot argues that Spencer disclosed his interest.

Rather, Patriot argues that judicial estoppel should not apply even if Spencer failed to disclose his interest in Patriot. But this assertion is based on Patriot's misstatement of the judicial estoppel factors.[32] In particular, Patriot argues that the two actions must involve the same parties. Patriot asserts that Patriot and Spencer are separate entities, that Patriot was not a party to Spencer's bankruptcy, and, as a result, judicial estoppel should not apply here. In arguing for judicial estoppel, Hartwig contends that Spencer and Patriot share substantial identity and that judicial estoppel includes statements made by those in privity with a party.

There is limited support for Patriot's argument in the rare case law dealing with a debtor failing to disclose an interest in a business or disclose an interest in a lawsuit filed by the

---

[31] Patriot's Statement of Facts states, "In his bankruptcy schedules, Spencer's bankruptcy attorney reflected the lawsuits filed against him, including his interest in Patriot." Plaintiff's Memorandum in Response to Defendant's Motion for Summary Judgment, Doc. 118 at 30. Spencer's Statement of Financial Affairs lists one of two lawsuits filed against him as "Marlin Leasing Corp. v. Mark Spencer aka Patriot Mfg LLC." Voluntary Petition, No. 10-12114, Doc. 1 at 11. In response to this motion, Patriot does not expressly argue that this constitutes adequate disclosure of his ownership interest in Patriot.

[32] See Plaintiff's Memorandum in Response to Defendant's Motion for Summary Judgment, Doc. 118 at 46 (listing factors to analyze judicial estoppel under Kansas law).

business. In *Crown Transportation, Inc. v. Smith Systems Transportation, Inc.*, 2008 WL 1766736 (N.D. Okla. April 11, 2008), the court denied a motion for summary judgment against a trucking company, which was sought because the plaintiff company's sole owner, Charles Crafton, failed to disclose his ownership interest in Crown Transportation or disclose Crown's lawsuit in his personal bankruptcy petition.[33] Crafton did not dispute that his ownership of Crown was not listed and did not dispute that the lawsuit, filed four months earlier, was not listed.[34] The court noted that the debtor in bankruptcy and the plaintiff in district court were two different entities.[35] The court concluded "that different parties made the allegedly inconsistent statements. The Court further finds that there were no statements made by Crafton in the Bankruptcy Petition that are clearly inconsistent with positions taken by Crown in this lawsuit."[36]

Notably, the court in *Crown Transportation* declined to address whether Crafton and Crown were alter egos or in privity with one another.[37] The Tenth Circuit and other jurisdictions have concluded that judicial estoppel may be invoked against a party that it is in privity with a party involved in an earlier litigation.[38] Privity requires a showing that the parties in the two

---

[33] 2008 WL 1766736, at *1-2.

[34] *Id*. at *4.

[35] *Id*. ("Crafton and his wife filed Chapter 13 bankruptcy and made the alleged omissions as individuals. Crown, a corporation owned by Crafton, filed this lawsuit.").

[36] *Id*. at *5.

[37] *Id*., at *4 ("In this case, there are no allegations or proof that Crown was merely the alter ego of Crafton or any other contention that Crafton and Crown should be considered the same entity simply because Crown is a solely owned corporation.").

[38] *In re Johnson*, 518 F.2d 246, 252 (10th Cir. 1975) ("Under the doctrine of judicial estoppel a party and his privies who have have knowingly and deliberately assumed a particular position are estopped from assuming an inconsistent position to the prejudice of the adverse party."); *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 996 (9th Cir. 2012) ("It is well-established that a 'non-party may be bound by a judgment if one of the parties to the earlier suit is so closely aligned with the non-party's interests as to be its virtual representative.' Because the doctrine of judicial estoppel is intended to protect the courts, we are particularly mindful that the '[i]dentity of parties is not a mere matter of form, but of substance.'"); *Maitland v. University of Minnesota*, 43 F.3d

actions are really and substantially, in interest, the same.[39] Generally, a sole owner of a company is in privity with the company.[40] Here, Spencer is the sole member of Patriot, which makes Spencer and Patriot in privity with one another. Once Spencer filed this lawsuit without amending his bankruptcy schedules to reflect the pending claim, Spencer represented that he had no legal claims to the bankruptcy court while simultaneously pursing his claim against Hartwig in this court. These positions are clearly inconsistent.[41] Therefore, Patriot may be bound by inconsistent statements made by Spencer in his bankruptcy for the purpose of determining judicial estoppel. The first factor weighs in favor of judicial estoppel.

Further, *Crown Transportation* did not cite *Eastman*, which was decided nine months earlier, and the court seemed to be unaware of its existence. *Crown Transportation* failed to consider the Tenth Circuit's harsh line against nondisclosure and adopted the reasoning of a Tenth Circuit Bankruptcy Appellate Panel in deciding against judicial estoppel in favor of the

---

357, 364 (8th Cir. 1994) ("Under [judicial estoppel], the party who is to be estopped, or one in privity with that party, must have asserted a fact or claim . . . that a court relied on."); *Mathison v. Berkebile*, 2013 WL 6827928, at *9 (D.S.D. Dec. 20, 2013) ("Judicial estoppel applies to one in privity to a party who has asserted a fact or claim relied on or that a court adjudicated."); *Lia v. Saporito*, 909 F. Supp. 2d 149, 175 (E.D.N.Y. 2012) ("[Judicial estoppel] applies not only against the actual parties to a prior litigation, but also against a party that is in privity to a party in the prior litigation."); *Raizberg v. JV CJSC Gulfstream Sec. Systems*, 2013 WL 1245545, at *6 n.4 (S.D.N.Y. March 26, 2013) (enforcing judicial estoppel against company whose sole shareholder failed to disclose his ownership interest in a company in his bankruptcy proceeding because sole shareholder and company were "essentially indistinguishable"); *Capsopoulos on Behalf of Capsopoulos v. Chater*, 1996 WL 717456, at *3 (N.D. Ill. Dec. 9, 1996) ("[T]he Court finds that a rigid rule requiring the estopped party to be the identical party as in the earlier proceeding would unnecessarily diminish the protective function of the doctrine of judicial estoppel. Where judicial estoppel would otherwise apply, a court may apply judicial estoppel where the party in the later proceeding is not identical to the party in the earlier proceeding so long as the two parties are in privity.").

[39] *Pelt v. Utah*, 539 F.3d 1271, 1281 (10th Cir. 2008).

[40] *See, e.g.*, *Johnson v. King*, 2011 WL 4963902, at *8 (D. Wyo. Oct. 17, 2011); *Sampson v. Hunt*, 665 P.2d 743, 754 (Kan. 1983).

[41] See *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1275 (11th Cir. 2010).

interest of Crafton's creditors.[42] In this case, the Court is bound by Tenth Circuit precedent established by *Eastman* and recently repeated in *Queen*.[43]

**B. A Party Has Succeeded in Persuading a Court to Accept an Earlier Position**

The second factor for invoking judicial estoppel is "whether the suspect party succeeded in persuading a court to accept that party's former position, so that judicial acceptance of an inconsistent position in a later proceeding would create the *perception* that either the first or the second court was misled."[44] Here, it is not clear whether Spencer actually succeeded in persuading the bankruptcy court to accept his position that he had no interest in any company or in this lawsuit.[45] The bankruptcy court became aware of Spencer's interest in the lawsuit one month before Spencer's debts were discharged in September 2010. In August 2010, the bankruptcy court issued orders authorizing the trustee to employ special counsel to represent Spencer in this lawsuit. Further, the trustee lists a lawsuit of unknown value as an unscheduled asset in his final report of April 2012. Spencer's bankruptcy remains open, the effect being that anything Patriot recovers in this lawsuit may be available to Spencer's creditors.

---

[42] *Crown Transportation*, 2008 WL 1766736, at *7 (citing *In re Riazuddin*, 363 B.R. 177, 185-86 (B.A.P. 10th Cir. 2007)).

[43] *Queen*, 734 F.3d at 1081; *Eastman*, 493 F.3d at 1156-60.

[44] *Queen*, 734 F.3d at 1091 (quoting *Eastman*, 493 F.3d at 1156).

[45] See *Crown Transportation*, 2008 WL 1766736, at *6 ("The Bankruptcy Appellate Panel for the Tenth Circuit has held that, in a situation where a bankruptcy case can be reopened to allow listing of the lawsuit as an asset, a debtor has not 'succeeded' in any manner than cannot be remedied because 'creditors will be notified of ... recovery of assets and they will have the opportunity to file claims.'") (quoting *Riazuddin*, 363 B.R. at 185-86). In *Crown Transportation*, the court found that Crafton had not succeeded in persuading the bankruptcy court to accept his earlier position that no lawsuit existed because he had amended his petition disclosures to reflect the lawsuit, noting that "assuming Crafton personally benefits from the lawsuit, his creditors will be allowed to file claims." *Id*.

But the Tenth Circuit has held that a discharge in bankruptcy is enough to establish a basis for judicial estoppel, "even if the discharge is later vacated."[46] The Tenth Circuit has drawn a hard line against debtors who fail to properly disclose assets in bankruptcy, even if they amend their filings so that a discharged bankruptcy may be reopened.[47] The rationale, according to the Tenth Circuit in *Eastman*, is that allowing a debtor "to 'back up' and benefit from the reopening of his bankruptcy only after his omission had been exposed would 'suggest[] that a debtor should consider disclosing potential assets only if he is caught concealing them.'"[48] As a result, "'[t]his so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets.'"[49] Courts generally will not allow a plaintiff to avoid judicial estoppel by amending bankruptcy filings in response to a motion in an ongoing civil case.[50]

The rationale of the Tenth Circuit applies here. Notably, Spencer never amended his bankruptcy disclosures to reflect his ownership interest in Patriot after he filed this lawsuit as the named plaintiff two days later.[51] The timing suggests that the trustee became aware of the lawsuit

---

[46] *Eastman*, 493 F.3d at 1160 (quoting *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2011)).

[47] *Barker v. Asset Acceptance, LLC*, 874 F. Supp. 2d 1062, 1066 (D. Kan. 2012) ("In those cases, the [Tenth Circuit] has emphasized that even though the bankruptcy could be reopened to allow the plaintiffs to amend the schedules and avoid the inconsistent positions and unfair advantage, judicial estoppel was still appropriate.").

[48] *Eastman*, 493 F.3d at 1160 (quoting *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002)).

[49] *Eastman*, 493 F.3d at 1160.

[50] See *Ardese v. DCT, Inc.*, 280 Fed. Appx. 691, 696 (10th Cir. 2008).

[51] See *Eastman*, 493 F.3d at 1159 ("The bankruptcy code imposes a duty upon a debtor to disclose all assets, including contingent and unliquidated claims. *See* 11 U.S.C. § 521(1). That duty encompasses disclosure of all legal claims and causes of action pending or potential, which a debtor might have."); *Moses v. Howard University Hospital*, 606 F.3d 789, 793 (D.C. Cir. 2010) ("A debtor is required to disclose all potential claims in a bankruptcy petition. See 11 U.S.C. §§ 521(1), 541(a)(1). This means that a debtor is under a duty both to disclose

and authorized special counsel only after Hartwig filed a motion to dismiss for lack of standing in this action.[52] Hartwig's motion to dismiss was filed in this Court on July 16, 2010; a meeting of creditors was held in the bankruptcy court July 22, 2010; and this lawsuit was listed as an unscheduled asset of unknown value in the trustee's interim report filed July 28, 2010. In August 2010, the bankruptcy court issued orders authorizing the trustee to employ special counsel to represent Spencer in this lawsuit.[53] Thus, it is not clear that Spencer disclosing this lawsuit was entirely voluntary. In any event, even if it is not clear that Spencer succeeded in persuading the bankruptcy court to accept his position, judicial estoppel is still appropriate under *Eastman*.[54]

**C. A Party Seeking to Assert an Inconsistent Position Would Derive an Unfair Advantage**

The third factor to consider is whether Spencer would gain an unfair advantage if not estopped.[55] Patriot argues that Spencer would benefit only after all of his creditors were paid, under the bankruptcy code. Hartwig points out that Spencer's debts have been fully discharged, arguing that Spencer has no legal obligation to repay his creditors if Patriot prevails in this lawsuit.

Indeed, a Chapter 7 discharge relieves the debtor of any obligation to pay outstanding debts.[56] Thus, Spencer receiving the ultimate benefit of a discharge without disclosing his

---

the existence of pending lawsuits when he filed a petition in bankruptcy and to amend his petition if circumstances change during the course of the bankruptcy.").

[52] See *Ardese*, 280 Fed. Appx. at 693, 696 (upholding judicial estoppel against plaintiff who disclosed her lawsuit to bankruptcy court only after district court defendant filed motion to dismiss for lack of standing).

[53] The orders authorized the trustee to employ as special counsel the same two attorneys who represented Spencer when he filed this lawsuit. Order Authorizing Trustee to Employ Special Counsel, No. 10-12114, Doc. 13; Order Authorizing Trustee to Employ Special Counsel, No. 10-12114, Doc. 16; Complaint, Doc. 1 at 11.

[54] *Eastman*, 493 F.3d at 1160.

[55] *Queen*, 734 F.3d at 1092-93.

[56] 11 U.S.C. § 727(b); *Eastman*, 493 F.3d at 1159.

ownership interest in Patriot provides him an unfair advantage over his creditors.[57] As noted earlier, even if the discharge can be later vacated, the discharge itself is enough to trigger judicial estoppel.[58] Otherwise, debtors would have little incentive to be completely truthful and would be encouraged to disclose assets only when they are caught concealing them.[59] Reopening a bankruptcy may protect the rights of creditors, but it does not repair the damage to the Court's integrity.[60] For that reason, the Tenth Circuit has held that dismissal based on judicial estoppel is the appropriate outcome, in one case reversing a district court order that any judgment should be awarded to the bankruptcy estate.[61] Similarly, even if it is not clear that Spencer has an unfair advantage over his creditors because his bankruptcy remains open, judicial estoppel is still appropriate under Tenth Circuit precedent.

There is an exception that allows a court to choose not to use judicial estoppel if a party's earlier position was based on inadvertence or mistake.[62] Generally, courts find inadvertence or mistake only when "the debtor either lacks knowledge of the undisclosed claims or has no

---

[57] See *Queen*, 734 F.3d at 1092; *Crown Transportation*, 2008 WL 1766736, at *6 (noting that debtor could have received an unfair advantage if his business recovered in civil suit, the proceeds were distributed to debtor individually, and his creditors had no knowledge of recovery). In *Crown Transportation*, the court concluded that Crafton's bankruptcy amendment weighed against the third factor because his disclosure of the lawsuit no longer gave him an unfair advantage over his creditors. 2008 WL 1766736, at *6 ("Crafton could have received an unfair monetary advantage to the extent Crown recovered from Smith, the proceeds were distributed to Crafton individually, and Crafton's creditors in the Bankruptcy Case had no knowlege of Crafton's recovery. However, any potential unfair monetary advantage has been remedied by amendment of Crafton's Bankruptcy Petition to disclose the lawsuit."). The court declined to invoke judicial estoppel to preclude Crown's lawsuit, noting that it took into consideration the three factors and the interest of Crafton's creditors. *Id*. at *7.

[58] *Eastman*, 493 F.3d at 1160.

[59] *Id*. at 1159-60.

[60] *Cole v. Convergys Customer Management Group, Inc.*, 2013 WL 2151586, at *3 n.1 (D. Kan. May 16, 2013) (citing *Eastman*, 493 F.3d at 1160).

[61] *Autos, Inc. v. Gowin*, 244 Fed. Appx. 885, 888, 891-92 (10th Cir. 2007) (reversing district court's order requiring plaintiff to distribute any recovery among her creditors).

[62] *New Hampshire*, 532 U.S. at 753; *Queen*, 734 F.3d at 1087.

motive for their concealment."[63] For example, the Tenth Circuit has rejected arguments that a debtor disclosed information to his bankruptcy attorney and the attorney failed to list the information in the bankruptcy schedules.[64] As long as motive for concealment exists, there is a presumption that an omission was not inadvertent. In any event, Patriot does not argue that Spencer's omissions were inadvertent. Patriot's argument on this issue was limited to contending that Spencer disclosed his ownership interest in Patriot and that judicial estoppel should not apply because Spencer and Patriot are not identical parties.[65] Therefore, Patriot has not shown that Spencer's omissions were the result of inadvertence or mistake.

For these reasons, the Court grants Hartwig's summary judgment on all of Patriot's claims. The Court bases this decision on judicial estoppel and need not discuss Hartwig's arguments on the merits of the case. Hartwig's counterclaim for breach of contract remains.

**IT IS ACCORDINGLY ORDERED** this 6th day of February, 2014, that Defendant's Motion for Summary Judgment (Doc. 109) is hereby GRANTED.

**IT IS SO ORDERED**.

*[signature]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[63] *Eastman*, 493 F.3d at 1157.

[64] *See Queen*, 734 F.3d at 1093-94 (noting that plaintiffs are bound by acts of their bankruptcy attorney and that their remedy is malpractice action); *Eastman*, 439 F.3d at 1157 (same).

[65] Plaintiff's Memorandum in Response to Defendant's Motion for Summary Judgment, Doc. 118 at 46-47.