## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PATRIOT MANUFACTURING LLC,

*Plaintiff,*

vs.

Case No. 10-1206-EFM-KGG

HARTWIG, INC.,

*Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on a Motion for Entry of Final Judgment (Doc. 130) filed by Defendant Hartwig, Inc., after it prevailed in the Court's granting of summary judgment against all of the claims asserted by Plaintiff Patriot Manufacturing LLC. Hartwig seeks an entry of final judgment under Federal Rule of Civil Procedure 54(b) to allow Patriot to appeal before Hartwig's breach-of-contract counterclaim goes to trial. Because Hartwig fails to show hardship to either party that outweighs the policy against piecemeal appeals, the Court denies the motion.

### I. Factual and Procedural Background

This case involves competing breach of contract claims that were asserted after Defendant Hartwig, Inc., repossessed a machine shop lathe it sold to Plaintiff Patriot

Manufacturing LLC in 2008.[1] In 2009, Patriot's sole member, Mark Spencer, failed to list his ownership interest in Patriot or this lawsuit in his personal bankruptcy filing. As a result, the Court granted Hartwig's Motion for Summary Judgment in February 2014 on all of Patriot's claims on the basis of judicial estoppel—a doctrine that prevents abuse of the judicial process, which includes failing to disclose information during a bankruptcy proceeding. Hartwig's counterclaim for breach of contract remains.

Before the Court is Hartwig's Motion for Entry of Judgment. Hartwig asks the Court to direct entry of a final judgment as to Patriot's claims to allow Patriot the option of appealing the Court's ruling and to stay proceedings on Hartwig's pending counterclaim.

## II. Analysis

Hartwig has moved for an Entry of Final Judgment under Federal Rule of Civil Procedure 54(b). Hartwig seeks a Rule 54(b) certification of the Court's February 6, 2014, Order that granted Hartwig's motion for summary judgment based on judicial estoppel of Patriot's breach-of-contract claims. Hartwig has indicated its intention to voluntarily dismiss its counterclaim—and avoid the cost of a trial—if the Court's order is affirmed. But Hartwig wishes to preserve its counterclaim in the event that the Court's order is reversed and a trial takes place. Patriot, however, opposes the motion.

Under Rule 54(b), when multiple claims or parties are involved in an action, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."[2] In deciding a Rule 54(b)

---

[1] A more detailed account of the factual and procedural background can be found in the Court's Memorandum and Order granting Defendant's Motion for Summary Judgment. Doc. 127.

[2] Fed. R. Civ. P. 54(b).

motion, the Court must consider "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."[3] The Court should be reluctant to enter a Rule 54(b) order because the purpose of the rule is limited: "to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships."[4] To conclude that a Rule 54(b) certification is appropriate, the Court must make two express findings: "(1) that the judgment is final, and (2) that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case."[5]

### 1. The Judgment Is Final as to Patriot's Claims

To be final, an order "must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action."[6] Claims are considered disposed of if they are "distinct and separable from the claims left unresolved."[7] There is no hard-and-fast rule for determining whether claims are separable, but courts should " 'consider whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible.' "[8]

---

[3] *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980)).

[4] *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001).

[5] *Fulghum v. Embarq Corp.*, 938 F. Supp. 2d 1090, 1138 (D. Kan. 2013) (citing *Stockman's Water*, 425 F.3d at 1265).

[6] *Okla. Turnpike Auth.*, 259 F.3d at 1242 (quoting *Curtiss-Wright*, 446 U.S. at 7).

[7] *Id.* at 1243.

[8] *Inola Drug, Inc. v. Express Scripts, Inc.*, 390 Fed.Appx. 774, 776 (10th Cir. 2010) (quoting *Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005)).

Here, the Court finds that its February 6 Order is a final judgment with respect to all of Patriot's claims for purposes of Rule 54(b). The order granted Hartwig summary judgment on all of Patriot's claims based on judicial estoppel as a result of Spencer failing to report his ownership interest or this lawsuit in his bankruptcy filing. Thus, Patriot has no remaining claims from its six-count complaint. Patriot's claims are distinct and separable from Hartwig's counterclaim for breach of contract because they involved different legal issues and a separate recovery is possible. The Court notes that Patriot's claims were not resolved on the merits, and the claims turn on the same factual questions as Hartwig's breach-of-contract counterclaim.

### 2. Hartwig Has Not Shown Sufficient Hardship to Warrant Rule 54(b) Certification

In deciding whether the second requirement for Rule 54(b) certification is satisfied, the Court "must take into account judicial administrative interests as well as the equities involved."[9] The Court should act as a "dispatcher" in weighing the policy of preventing piecemeal appeals against the inequities that could result from a delayed appeal.[10] "Rule 54(b) is not intended to provide a mechanism for splitting multiple claims into separate lawsuits."[11] Ultimately, the rule should preserve the " 'historic federal policy against piecemeal appeals.' "[12] The determination of whether there is no just cause for delay has been characterized as a balancing test that involves weighing the " 'policy of preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay.' "[13]

---

[9] *Curtiss-Wright*, 446 U.S. at 8.

[10] *Id.*

[11] *Jordan*, 425 F.3d at 829.

[12] *Id.* (quoting *Curtiss-Wright*, 446 U.S. at 8).

[13] *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir. 1988) (quoting *United Bank of Pueblo v. Hartford Accident & Indem. Co.*, 529 F.2d 490, 492 (10th Cir. 1976)).

Here, Hartwig argues for Rule 54(b) certification because it believes it would be judicially efficient to allow Patriot to appeal this Court's adverse judgment now and stay resolution of Hartwig's counterclaim. Hartwig asserts that granting its motion will necessarily eliminate one entire trial and states that it would be in the best interests of the parties to do so. Patriot, however, disagrees and opposes the motion. Patriot argues that avoiding the expense of a trial does not warrant Rule 54(b) certification.

Notably, this is not the usual case of a losing party seeking Rule 54(b) certification. Rather, the prevailing party seeks to force the losing party to appeal before all claims are final. Patriot has no claims remaining and is not the party seeking immediate appeal through a Rule 54(b) motion. Thus, it is difficult for the Court to conclude that Patriot will suffer hardship or injustice because of a delay in having its appeal heard. Patriot's opposition to the motion and its willingness to wait suggests otherwise.[14]  Generally, one purpose of Rule 54(b) was to benefit the losing party rather than have the rule used against it.[15] Therefore, it cannot be said that any hardship inflicted on Patriot outweighs the policy of preventing piecemeal appeals.

Further, it cannot be said that Hartwig suffers hardship by trying its counterclaim before Patriot may appeal. Hartwig did not lose any of its claims through summary judgment and has

---

[14] *See Onyx Props. LLC v. Bd. of Cnty. Comm'rs of Elbert Cnty.*, 916 F. Supp. 2d 1191, 1211 (D. Colo. 2012) ("In this case, the historic federal policy against piecemeal appeals is certainly not outweighed by any hardship or injustice against the [plaintiffs]—as the aggrieved party—in that they clearly oppose certification.").

[15] *See Exchange Nat. Bank of Chicago v. Daniels*, 763 F.2d 286, 291 (7th Cir. 1985) (concluding that "there is no pressing reason why a party should be *compelled* to proceed with an immediate appeal on one part of the case under Rule 54 if he is willing to wait for the end. Indeed, Rule 54(b) orders are the exception, usually entered at the request of the losing party. A district judge ordinarily should not enter a Rule 54(b) document unless the losing party requests it."); *Stewart v. Gates*, 277 F.R.D. 33, 36 (D.D.C. 2011) (concluding that allowing a prevailing defendant to seek an entry of final judgment "would effectively invert the purpose of Rule 54(b) from one of enhancing the appellate rights of a losing party in circumstances when delay of an appeal would cause undue hardship or possible injustice, to one in which a prevailing party could prematurely force an appeal of part of a case by a losing party, who must comply with timeliness requirements for exercising appellate rights.").

nothing to appeal immediately. Hartwig's primary justification for seeking a Rule 54(b) certification is to potentially save the expense of a second trial that could result from reversal on appeal. Other jurisdictions have held that the possible saved expense of having one trial rather than two does not justify a Rule 54(b) certification.[16] The Court notes that virtually any interlocutory appeal from a dispositive ruling could result in a retrial. Therefore, the Court finds that the policy of preventing piecemeal appeals outweighs any potential hardship to either party in this case. As a result, Hartwig's motion for entry of final judgment under Rule 54(b) is denied. Further, Hartwig's request to stay all proceedings related to its counterclaim is also denied.

**IT IS THEREFORE ORDERED** that Hartwig's Motion for Entry of Final Judgment on Plaintiff's Claims and to Stay Proceedings (Doc. 130) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 11th day of September, 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[16] *See Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 168 (11th Cir. 1997) ("The district court may have reasoned that early review by the appellate court would eliminate the necessity for a second trial in the event we reversed its rulings on the dismissed claims. Absent special circumstances, however, the district court's preference for pretrial appellate review of its dismissal decisions constitutes an improper basis for issuance of a partial final judgment."); *Kersey v. Dennison Mfg. Co.*, 3 F.3d 482, 488 (1st Cir. 1993) (noting that the seeking immediate appeal to avoid two separate trials is rarely, if ever, a self-sufficient basis for a Rule 54(b) certification); *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1026 (2d Cir. 1992) ("To deem sufficient under Rule 54(b) a finding simply that an immediate appeal might avoid the need for a retrial . . . could only contravene the federal policy against piecemeal appeals.").